IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR404

CHARLES F. AVENT, JR.

### MEMORANDUM OPINION

Charles F. Avent, Jr., a federal inmate, brings this Writ of Coram Nobis. (ECF No. 28.) On December 12, 2007, the Court accepted Avent's guilty plea and found him guilty of one count of distribution of a mixture or substance containing a detectable amount of cocaine base. (ECF No. 16, at 1; Plea Agreement 1, ECF No. 12.) The Court sentenced Avent to 168 months of imprisonment. Avent filed no appeal.

On November 12, 2012, the Court received from Avent a Writ of Coram Nobis in which he "moves to withdraw the . . . unconstitutional plea of guilty and vacate the unconstitutional sentence of defendant." (Writ of Coram Nobis 1, ECF No. 28.)

Courts have the authority to grant a writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jursidictions.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). A writ of error coram

nobis is an "extraordinary remedy," United States v. Morgan, 346 U.S. 502, 511 (1954), that "may not issue when alternative remedies, such as habeas corpus, are available." Denedo, 556 U.S. at 911 (citations omitted); see United States v. Bazuaye, 339 F. App'x 822, 824 (4th Cir. 2010). Moreover, "a writ of coram nobis is available only when the petitioner is not in custody." United States v. Smith, 77 F. App'x 180, 180 (4th Cir. 2003) (citing United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001)).

Avent may not pursue relief through a writ of coram nobis. Avent remains in federal custody, and alternative remedies, including a motion to vacate under 28 U.S.C. § 2255, remain available for him to pursue. Accordingly, the Writ of Coram Nobis (ECF No. 28) will be denied. The Clerk will be directed to mail Avent the forms for filing a motion to vacate under 28 U.S.C. § 2255. If Avent wishes to file a § 2255 motion, he must complete and return the forms to the Court.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

2

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Avent fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Avent and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 25, 2014
Richmond, Virginia

3